We do not see that the testimony in relation to the material points involved in this case is essentially different from that given at the two former trials, the verdicts in which were set aside as against the evidence. Our rescript in Exceptions, c., No. 1770,[1] sets forth clearly the grounds for setting aside the previous verdict, and is equally applicable to the present petition.
In addition to what is therein stated, we may say, that in *Page 496 
our opinion the evidence shows that if the plaintiff's intestate had been looking, he could have seen the head light on the switcher before him in season to have stopped his train before the collision.
Defendants' petition for a new trial granted and case remitted to the Common Pleas Division.
[1]
PROVIDENCE SC. SUPREME COURT, OCTOBER TERM, 1892. ANGELINA V. BURNHAM, Administratrix, | | vs. Exceptions, c., No. 1770. |
N.Y., P. B.R.R. CO. |
RESCRIPT.
Filed December 8, 1892.
The contention of the plaintiff is that the accident was caused by the employees of the defendant corporation, who, she says, ran the switching engine upon the southward bound track directly in front of the steamboat train, on which the plaintiff's intestate was engineer, at a time when it was too late for the intestate to stop his train before it struck the switcher.
The defendant contends that the southward bound switch was turned and the signal light changed from green to red before the steamboat train came around the curve and in sight of the signal light. If this is so, the plaintiff's intestate was guilty of negligence in not noticing the red light, or in not heeding it, and the plaintiff cannot maintain her verdict.
All the direct testimony in the case upon this point concurs in the statement that when the red signal was first shown the steamboat train had not come in sight. There is also, we think, a strong preponderance of testimony to the effect that a red light was swung across the track in season to have prevented the collision if the engineer had seen and heeded it. The probability that the three met on and about the switching engine, all of whom had in mind the approach of the steamboat train, should have recklessly run their engine upon the southbound track after the steamboat train came in sight, is much less than that the engineer should have neglected to look for the signal at No. 8.
Again, the testimony is uncontradicted that the signal light was turned with the switch before the switcher started to leave the northbound track and that the switcher had time before the collision to move slowly from one track to the other and down to the switch leading from the southbound track to track No. 1. When the switching engine commenced this movement the steamboat train must have been far enough off to have stopped in time to prevent the collision.
The theory advanced by the plaintiff is only supported by inference from disputed testimony, is contrary to all the probabilities of the case, and is impossible if the uncontradicted testimony is true.
Defendants' petition for new trial granted.
Tillinghast, J., dissenting.